UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| WANDA SMITH | : | CIVIL ACTION NO. 09-0168 |
| --- | --- | --- |
| VS. | : | JUDGE JAMES |
| JP MORGAN CHASE | : | MAGISTRATE JUDGE HAYES |

MEMORANDUM ORDER

Before the court is a motion for a more definite statement [doc. # 4] filed by defendant, JPMorgan Chase Bank, NA, (incorrectly named in the caption as "JP Morgan Chase" and as "JP Morgan Chase Monroe" in the body of the complaint). For reasons set forth below, the motion is GRANTED.[1]

I. **Rule 12(e) Standard**

The Rule 12(e) motion for a more definite statement is disfavored.[2] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959). This motion is granted only when the pleading addressed is so vague that the moving party cannot reasonably be expected to frame a responsive answer. *Guste v. Shell Oil Company*, 161 F.R.D. 329, 330 (E.D. La. 1995) (citing 5A Charles

---

[1] As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Federal Rule of Civil Procedure 12(e) provides in relevant part that
"[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . ."

Wright and Arthur Miller, Federal Practice and Procedure § 1377 (1990). "[A]ll the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[3] *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957). "A motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery." *Brown v. Maxxam, Inc.*, C. A. No. 90-1468, 1991 Westlaw 13918 (E.D. La. Jan. 28 1991), *affirmed*, 993 F.2d 1543 (5th Cir. 1993) (citing, *Mitchell, supra*); *see also*, *Wilmington Trust Company v. Stone Lumber Company*, C. A. No. 96-1499 1996 Westlaw 700752 (E.D. La. Dec. 4,1996) (motion for more definite statement denied where plaintiff may later receive more specific facts through discovery). At the same time, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992 (2002).

## II. Discussion

In the initial paragraph of her complaint, Smith asserted a discrimination claim under the Americans with Disabilities Act of 1990 and a claim for unpaid wages and overtime pursuant to the Fair Labor Standards Act. (Compl., ¶ 1). She further invoked the court's supplemental jurisdiction to hear unspecified claims under state law. *Id*. Later in her complaint, plaintiff elaborated upon her state law claims in a section entitled "Third Cause of Action: Pendant [sic] State Claims." (Compl.). She reincorporated by reference all of the previous allegations in her

---

[3] Under Rule 8(a), the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief;" Fed.R.Civ.P. 8(a)(1).

complaint, and then asserted a claim for damages under Louisiana's anti-discrimination laws. (Compl., ¶¶ 34-35). Even though the complaint includes factual allegations that would support a state law claim for unpaid wages and overtime, plaintiff did not specifically seek recovery under state law for these damages (in contrast to her specific claim for relief under Louisiana's anti-discrimination laws).

In her opposition to the instant motion, however, plaintiff clarified that she is asserting a claim for nonpayment of wages under state law. (Pl. Opp. Memo., pg. 1). Although the opposition memorandum provides defendant with notice of plaintiff's state law claims, the complaint itself remains ambiguous, vague, and unclear. Under these circumstances, and in light of the relative ease of the curative burden, the undersigned finds that plaintiff should be compelled to amend her complaint to specify her state law claims.

Accordingly, the motion for a more definite statement [doc. # 4] filed by defendant, JPMorgan Chase Bank, NA, is hereby GRANTED. Within the next 15 days from today, plaintiff shall amend her complaint to specify her state law claims.

IT IS SO ORDERED.

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 14th day of May, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE