UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| WANDA SMITH | * | CIVIL ACTION NO. 09-0168 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| JP MORGAN CHASE | * | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are motions to compel discovery [doc. # 21] and for leave of court to file a reply memorandum [doc. # 34] filed by plaintiff Wanda Smith.[1]  The motion to compel is opposed.  For reasons stated below, the motion to compel [doc. # 21] is **GRANTED in part and DENIED in part**.  The motion for leave of court to file a reply memorandum [doc. # 34] is **GRANTED**.

Background

On January 30, 2009, Wanda Smith filed the instant complaint against her former employer, JPMorgan Chase Bank, NA ("Chase") (incorrectly named in the complaint and amended complaint as "JP Morgan Chase" and "JP Morgan Chase Monroe"), for alleged disability discrimination under the Americans with Disabilities Act of 1990 ("ADA), 42 U.S.C., § 12101, *et seq*. and for unpaid overtime compensation pursuant to the Fair Labor Standards Act,

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

29 U.S.C. § 201, *et seq*. She also asserted parallel claims under state law.

In her amended complaint, plaintiff alleges that, since birth, she has suffered from a substantial hearing impairment. (1st Amend. Compl., ¶ 5). Despite her hearing loss, Smith went to work as a tax specialist for Chase's predecessor in 1986. (1st Amend. Compl., ¶ 5). Following a company reorganization, Smith began to work for Chase as a lien release processor, effective October 15, 2005. *Id*., ¶¶ 6-7. After her new assignment, however, Smith verbally requested a transfer to another department. *Id*., ¶ 8. Chase, however, denied her request. *Id*. Smith also asked Chase to provide her with one-on-one training to accommodate her inability to read lips in a classroom training setting. *Id*., ¶¶ 10-11. Chase, however, denied her request. *Id*., ¶¶ 11-12. Instead, on February 1, 2007, Chase accused Smith of falsifying records. *Id*., ¶ 13. Then, on February 9, 2007, Chase admonished Smith, in writing, for her failure to meet performance goals. *Id*., ¶ 9. Chase ultimately discharged Smith for poor job performance on August 1, 2007. *Id*., ¶ 15.

On November 5, 2007, Smith filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id*., ¶ 2. Smith received her right to sue notice on November 13, 2008. *Id*. The instant suit followed.

Between January and March 2010, plaintiff served Chase with at least three sets of interrogatories and requests for production of documents. *See* Pl. M/Compel, Exhs. [doc. #s 21-4 & 21-5]; Def. Opp to M/Compel, Exhs. [doc. # 29]. Chase responded to plaintiff's second and third sets of discovery requests in August and November 2010, respectively. *Id*. Plaintiff, however, was not completely satisfied with the responses. Accordingly, when efforts to bridge the parties' differences reached an impasse, plaintiff filed the instant motion to compel discovery

2

on November 24, 2010. Chase subsequently supplemented its discovery responses on December 20, 2010, and filed a memorandum in opposition to the motion to compel on December 22, 2010.[2] On January 5, 2011, plaintiff filed a motion for leave of court to file a reply brief.[3] The matter is now before the court.

## Law

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006).

Under Rule 33, a party must answer interrogatories from "information available to the party." Fed.R.Civ.P. 33(b). Similarly, under Rule 34, a party must produce certain items within

---

[2] Meanwhile, on December 13, 2010, Chase filed a motion for summary judgment seeking dismissal of plaintiff's claims. Smith obtained an extension of time until January 14, 2011, to file her opposition to the motion for summary judgment. *See* Dec. 28, 2011, Order [doc. # 31].

[3] Plaintiff submitted a proposed reply brief on December 30, 2010, which the Clerk of Court marked as deficient because plaintiff failed to obtain prior leave of court. *See* Notice of Deficiency [doc. # 33].

the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a). "Answers to interrogatories must include all information within the party's control or known by its agents . . ." *Stern v. Seykota*, 2004 WL 3267284 (D. Virgin Islands Dec. 22, 2004) (citation omitted). The party seeking discovery has the burden to show that the responding party has control of the material or information sought. *See, Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463 (E.D. La. Apr. 02, 2004) (addressing discovery under Rule 34).

### Discussion

Plaintiff's motion seeks an order compelling Chase to supplement its discovery responses in three areas of interest: 1) the performance of similarly situated co-employees; 2) plaintiff's training records; and 3) postings for open positions in the "location" where plaintiff worked. The court addresses each, in turn.

**I.      Performance of Similarly Situated Co-employees**

Plaintiff's initial discovery to Chase included the following requests for production of documents,

> **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15**
> Produce a true and correct copy of all documents which set out performance goals for plaintiff and other employees performing substantially similar duties as plaintiff.
>
> **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**
> Produce a true and correct copy of any and all written admonishments to other employees at your Monroe location who performed substantially similar duties as plaintiff.
>
> **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**
> Produce a true and correct copy of any and all processing standard changes signed by other employees who performed a [sic] substantially similar duties as plaintiff in Lien Release Processor [sic] in 2005-2007.

   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**
    Produce a true and correct copy of any and all feed back reports on
    the employees who performed a similar job duty as plaintiff in
    2005-2007.
(Pl. M/Compel, pgs. 4-5).

By this discovery, plaintiff seeks to demonstrate that she was treated less favorably than other similarly situated non-disabled employees. Although Chase initially objected to these discovery requests on the grounds of vagueness and employee confidentiality, Chase has since supplemented its responses and represented to the court that, following an exhaustive search, it has produced all responsive documents in its possession, custody, or control. (Def. Opp. Memo., pgs. 7-11).

  Chase further represented that to the extent any other responsive documents may have existed, they were destroyed prior to suit, either in the ordinary course of business or when it eliminated the lien processing department in 2008. *Id*. While Chase's obligation to preserve potentially relevant documents arguably arose when plaintiff filed her EEOC complaint in November 2007,[4] Chase indicated in other discovery responses that its ordinary course of business was to purge records every six months. *See* Chase's Nov. 18, 2010, Resps. to 3rd Req. for Prod. of Documents; Def. Opp. Memo., Exhs. Clearly, then, by the end of 2007, Chase already had destroyed records from 2006 – the time period still sought by plaintiff. *See* Pl. Reply

---

  [4] A party's duty to preserve evidence arises when "the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Toth v. Calcasieu Parish*, 2009 WL 528245 (W.D. La. Mar. 2, 2009) (Trimble, J.). A person "anticipat[ing] being a party . . . to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary." *Id*. The duty to preserve extends to evidence that a party "knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Id*. "[T]he duty to preserve extends to those employees likely to have relevant information-the key players." *Id*.

Memo. Of course, records destroyed pursuant to routine procedures and before any litigation is contemplated do not support a finding that a party breached its duty to preserve relevant evidence. *See e.g., Consolidated Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 343-344 (M.D. La. 2006); *Op Art, Inc. v. B.I.G. Wholesalers, Inc.*, 2005 WL 433233 *1, n2 (N.D. Tex. Feb. 22, 2005).

In sum, Chase has represented to the court that it has produced all responsive documents that are still in its possession. Plaintiff has not demonstrated that Chase withheld any documents, or that it failed to retain potentially relevant documents after it had a duty to do so.[5] Accordingly, plaintiff's motion to compel Chase to supplement its responses to requests for production Nos. 15-18 is DENIED.

## II. Plaintiff's Training Records

Plaintiff's initial set of discovery requested copies of her training records, lesson plans and training materials. *See* Pl. Request for Production of Docs., Nos. 2 & 9; Pl. M/Compel, Exhs. Plaintiff contends that her training records are relevant to show that Chase rebuffed her requests for additional training to accommodate her hearing disability. In particular, she seeks a copy of a sign-in sheet for a "POTS" class that Chase contends that she attended in 2006.[6] Chase, however, has represented to the court that the original sign-in sheet for the class was destroyed in 2006 in the ordinary course of business after the data was transferred to a computer

---

[5] In her reply memorandum, plaintiff points out inconsistencies regarding the number and names of co-employees from month to month in 2007. Of course, for purposes of this, and all of plaintiff's discovery requests, Chase enjoys a continuing obligation to supplement any incomplete or incorrect responses. Fed.R.Civ.P. 26(e)(1).

[6] Plaintiff says that she did not attend the class.

database. (Def. Opp. Memo., pg. 11). In other words, Chase has produced all documents in its possession that are responsive to the discovery requests. Plaintiff has not demonstrated that Chase is withholding responsive documents, or that Chase failed to retain potentially relevant documents after a duty arose for it to do so. Accordingly, plaintiff's motion to compel additional training documentation is DENIED.

**III.     Postings for Open Positions in the "Location" Where Plaintiff Worked**

In her Request for Production No. 13, plaintiff asked Chase to "[p]roduce a true and correct copy of any postings showing open positions **in the location where Plaintiff worked** from January 1, 2006 to December 31, 2007." (Pl. 3rd Set of Interr. & Req. for Prod. of Docs; Def. Opp. Memo., Exhs.) (emphasis added). Plaintiff seeks discovery regarding other open positions because she wanted to transfer out of the lien processing department. She emphasizes that a transfer could be considered a reasonable accommodation under the ADA.

Chase argues that it produced all documents responsive to plaintiff's request for the "location," i.e. the address where plaintiff worked, during the relevant period. Chase contends that the request should not be read to apply to any and all open positions posted for Chase's other facilities in the Monroe area. Plaintiff disagrees, and argues that "location where [she] worked" meant her labor market, i.e. an area within a 60 mile radius of her home.

It is manifest, by the parties' arguments, that "location where Plaintiff worked" is susceptible to more than one reasonable interpretation. Chase has not demonstrated that a more expansive interpretation of the phrase would result in the production of irrelevant evidence or that the additional production would prove unduly burdensome. Given Rule 26's preference for

broad and liberal discovery,[7] the court finds that "location where Plaintiff worked" should be interpreted to include all of Chase's facilities in Ouachita Parish, during the relevant period.[8] Therefore, plaintiff's motion to compel a supplemental response to her Request for Production No. 13 is **GRANTED**; Chase shall supplement its response, accordingly.

### Conclusion

For the reasons set forth above, the motion to compel discovery [doc. # 21] filed by plaintiff Wanda Smith is hereby **GRANTED IN PART** and **DENIED IN PART**. Within 6 days from the date of this order, Chase shall supplement its discovery response in accordance with the opinion herein.

IT IS SO ORDERED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 5th day of January 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[7] *See Schlagenhauf, supra*.

[8] On the other hand, discovery has its limits. "[L]ocation where Plaintiff worked" cannot reasonably be stretched to include a 60 mile radius from plaintiff's home.